Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
107 SE Washington St., Ste. 233
Portland, OR 97214
O: 503-473-8565
C: 503-490-6763
F: 503-427-9001

Attorneys for Plaintiff
Additional attorneys listed on final page

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **DONALD PUCKETT,** an Oregon resident, on behalf of himself and all similarly situated persons,<br><br>      **Plaintiff,**<br>    v.<br><br>**MICHELIN NORTH AMERICA, INC.,** a New York Corporation,<br><br>      **Defendant**. | Case No.<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>(1)  Fraud<br><br>(2)  State Unlawful Trade Practices, Unfair Competition, and False Advertising Laws.<br><br>**JURY TRIAL DEMANDED** |

Page 1   **CLASS ACTION ALLEGATION COMPLAINT**

**RICK KLINGBEIL, PC**
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

Plaintiff individually and on behalf of the Class described below, through counsel alleges as follows:

## NATURE OF THE CASE

1. This is a proposed class action. Plaintiff, on behalf of himself and all similarly situated persons, and in the public interest brings this action seeking injunctive relief based on Defendant Michelin North America, Inc.'s ("Michelin's") acts and omissions. This includes relief for a nationwide class based on fraud, a subclass for residents of the state of Oregon for violations of Oregon's Unlawful Trade Practices law, and likely other state subclasses in the future.

2. These claims relate to misrepresentations by Defendant made to intermediate purchasers, vehicle manufacturers, and tire resellers, and on a class-wide basis to purchasers of certain models of Michelin tires and/or purchasers of new vehicles equipped with certain models of Michelin tires.

3. For each model tire, Michelin made material representations related to the tread depth, and therefore the longevity of the tire during use.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) and §1332, because: (a) plaintiff Puckett is a resident of Oregon and Defendant Michelin North America, Inc. is a New York corporation with its principal

Page 2    **CLASS ACTION ALLEGATION COMPLAINT**    RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

place of business in Greenville, South Carolina and; (b) the damage claims exceed $75,000 in the aggregate.

5.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2), the "Class Action Fairness Act." On information and belief, there are thousands of Class Members, the amount in controversy will exceed $5,000,000. On information and belief, the sales of the tires at issue in each state of the United States are roughly in proportion to the number of vehicles in each state. Accordingly, based on the combined vehicle populations of New York and South Carolina (approximately 15 million) compared to the balance of the United States (approximately 250 million), approximately 94 percent of all sales in the United States are likely in states other than New York and South Carolina. Accordingly, substantially most of the class members likely reside in states other than New York or South Carolina. Plaintiff and most members of the Class are, therefore, citizens or residents of different states than Defendant.

6.      This Court has personal jurisdiction over Defendant because it does business in the state of Oregon and this District and a substantial portion of the wrongdoing alleged in this complaint took place here. Defendant has intentionally availed itself to markets and customers in the state of Oregon and this District through the presence of marketing and promotion using locally televised advertisements, and sales of products into Oregon and this District. Defendant has

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR  97214
503-490-6763
rick@klingbeil-law.com

contacts with Oregon and District sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions fair play and substantial justice.

7. Venue is proper within this District pursuant to 29 U.S.C. §1391(b)(1) and (2).

## THE PARTIES

8. Plaintiff / Class Representative Donald Puckett ("Puckett") is an individual who resided in the state of Oregon and purchased one or more of the subject Michelin tires in Oregon during the applicable class period.

9. Defendant Michelin North America, Inc. ("Michelin") is a New York corporation with its principal place of business within South Carolina.

## DEFENDANT'S CONDUCT

10. During the class period, Defendant produced, among other things, tires made for passenger vehicles. These included the Michelin Pilot Super Sport, Ultra High Performance tire in various sizes ("PSS Tire"). These are marketed as ultra-high performance tires, and are standard equipment on many luxury sports cars, such as the Chevrolet Corvette, BMW, and Mercedes Benz vehicles.

11. In connection with the sales and marketing of the PSS Tires, Defendant supplies marketing and sales documents, and advertising material containing technical data and specifications for the tires ("Specification Documents").

12. Among the representations made on the Specification Documents are figures and measurements related to tread depth on the tires.

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

13. Tread depth is a vertical measurement between the top of the tread rubber to the bottom of the tire's deepest grooves. In the United States, tread depth is measured in increments of one thirty second of an inch (1/32nd inch). Tread depth is typically measured with a tire tread depth gauge.

14. New tires used on passenger cars typically start with between 9/32" to 11/32" of original tread depth, depending on the grand and model. Tires are legally "worn out" and should be replaced in most States when they reach 2/32" of remaining tread depth. For example, a typical tire that starts with 10/32" of original tread depth has only 8/32" of useable tread depth. Its useable tread depth is calculated by subtracting a worn out tire's 2/32" from the new tire's original depth of 10/32".

15. The final 2/32" of a tire's tread depth is not part of the equation for calculating tread depth percentages because the tire is already legally worn out with just 2/32" of remaining tread depth. For example, a tire that started with 10/32" of original tread depth and has worn off 4/32" (down to 6/32" of remaining tread depth) is 50% worn, and has lost 50% of its usable tread depth.

16. A tire that starts with 10/32" of original tread depth has 12.5% wear (or 12.5% loss of usable tread) for each 1/32" that is worn away, and a tire that starts with 12/32" of original tread depth, has 10% wear (or 10% loss of usable tread) for each 1/32" that is worn away.

17. Tread depth for the tires at issue in this lawsuit, including the tires purchased by Plaintiff are consistently at least 1/32" less than the tread depth

Page 5   **CLASS ACTION ALLEGATION COMPLAINT**   RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

represented by Defendant Michelin in its Specification Documents. Because of that, Plaintiff and Class Members have received approximately 10% to 12.5% less tread depth and usable tread, and therefore an equivalent reduction in tire mileage, use, and value compared to the same tire with tread depth as actually represented by Defendant,

18. The misrepresentations contained in Michelin's Specification Documents - the variation between published figures for tread depth and actual tread depth of the PSS tires - have been consistent throughout the class period.

## INDIVIDUAL ALLEGATIONS

### Puckett

19. At all times relevant to this action, Plaintiff / Representative Puckett was an Oregon resident. Within the class period, Puckett purchased a General Motors, Chevrolet Division Corvette with Michelin PSS tires.

20. Soon after purchasing the Corvette, and before any measurable wear occurred to its tires, Puckett checked the tread depth of the Michelin tires, and discovered that the tread depth was 1/32 inch less than the figure set forth in the Specification Documents and other representations made by Defendant about the tires. Puckett then checked a number of other Michelin PSS tires, and discovered that each was similarly deficient in tread depth.

## CLASS ALLEGATIONS

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

21. Plaintiff / Class Representative Puckett brings this action for himself, and on behalf of all similarly situated persons who purchased any Michelin PSS tire and any other Michelin tire within the United States with overstated tread depth, and any Subclass States as the Court may determine appropriate for class certification treatment pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

22. The Class of persons that Plaintiffs seek to represent are initially defined as:

>  (a) The "Nationwide Class" defined as:
>
>  all persons who, at any time during the applicable class period purchased Michelin PSS tire and any other Michelin tire within the United States with overstated tread depth.
>
>  (c) The "Oregon Subclass" defined as:
>
>  all Oregon residents who, at any time during the applicable class period purchased Michelin PSS tire and any other Michelin tire within the United States with overstated tread depth

23. Excluded from participation in this class action are: (a) any Defendant, person, firm, trust, corporation, officer, director, or other individual or entity in which Defendant has a controlling interest or which is related to or affiliated with Defendant, and any current employee of Defendant; (b) all persons who make a timely election to be excluded from the proposed Class; (c) the judge(s) whom this case is assigned

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

and any immediate family members thereof; and (d) the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

24. Plaintiffs' fraud claim is appropriate for class-wide certification and treatment because each class representative can prove the elements of their claim on a class-wide basis using the same evidence that would be used to prove those elements in individual actions alleging the same claims.

25. Plaintiffs' claims based on Oregon state law are appropriate for class-wide certification and treatment on a nationwide basis because each class representative can prove the elements of their claim on a class-wide basis using the same evidence that would be used to prove those elements in individual actions alleging the same claims.

26. Numerosity Under Rule 23(a)(1). Members of the nationwide Class are so numerous that joinder of all members individually into one action, or into individual state-subclass actions, or otherwise, is impractical. On information and belief, the nationwide Class consists of substantially more than 5,000 members.

27. Commonality and Predominance under Rule 23(a)(2) and (b)(3). Common questions of law and fact are shared by Plaintiffs and members of the nationwide Class which predominate over any individual issues.

28. Common issues of law and fact as to the Nationwide class include:

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

a. Did Defendant make a material misrepresentation regarding the specifications or characteristics of its Michelin PSS and other tires?

b. What is the proper measure of damages caused by Defendant's conduct?

c. Is injunctive / equitable relief appropriate?

29. For the Oregon State Subclass common questions of law and fact include each of the above common questions of law and fact applicable to the Nationwide Class, and in addition:

a. Did Defendant violate ORS §646.608(e) by representing that goods have characteristics, benefits, quantities or qualities that the goods do not have?

b. Did Defendant violate ORS §646.608(g) by representing that goods are of a particular standard, quality, or grade, if the goods or services are of another.

c. Should the court grant equitable relief under ORS §646.638(8)(c)?;

d. What types of equitable relief are appropriate under Oregon law?

e. Was notice to Defendant required under ORCP 32H, and if so, was proper notice provided by the representative of the Oregon Subclass?

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

  f.  Were Defendant's violations of ORS 646.608 reckless or through knowing use or employment of a method, act, or practice declared unlawful by ORS §646.608?

  g.  Are Puckett and Oregon State Subclass Members entitled to an award of actual damages or statutory damages of $200 for each violation under ORS §646.638(8)(a)?

  h.  What is the amount of actual damages per violation?

  i.  Are punitive damages appropriate against Defendant pursuant to ORS §646.638(8)(b)?

  j.  If punitive damages are appropriate, what is the proper amount?

  30. Each of the Puckett's claims are typical of the claims of the members of the Nationwide Class. Each Nationwide Class claim arises from the same type events, practices, and course of conduct by Defendant – misrepresentations related to the tread depth of its Michelin PSS tires. The legal theories asserted by Puckett are the same as the legal theories that will be asserted on behalf of the Nationwide Class -- money damage claims for fraud.

  31. Each of Puckett's claims are typical of the claims other members of that State Subclass. Each state statutory law claim arises from the same type events, practices, and course of conduct by Defendant -- misrepresentations related to the tread depth of its Michelin PSS tires. The legal theories asserted by Puckett are the same as the legal theories that will be asserted on behalf of the other members of the

Page 10 **CLASS ACTION ALLEGATION COMPLAINT**  **RICK KLINGBEIL, PC**
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

Oregon State Subclass – i.e. claims based on Oregon's consumer protection statutes.

32. Plaintiff / Class Representative Puckett is willing and prepared to serve the Court and proposed Nationwide Class and the Oregon State Subclass in a representative capacity with all of the required material obligations and duties. Plaintiff will fairly and adequately protect the interests of the Nationwide Class, and the Oregon State Subclass, and has no interests adverse to or which directly or irrevocably conflict with the other members of the Nationwide Class or the Oregon State Subclass.

33. The self-interests of Plaintiff / Class Representative Puckett is co-extensive with, and not antagonistic to those of the absent members of the Nationwide Class and members of the Oregon State Subclass. Puckett will represent and protect the interests of the absent Nationwide Class, and the Oregon State Subclass.

34. Plaintiffs have engaged the services of the following counsel and law firms: Rick Klingbeil, PC; Robert Curtis and Foley Bezek Behle & Curtis, LLP; and Brady Mertz, PC. Counsel are experienced in litigation, complex litigation, and class action cases, and will protect the rights of and otherwise effectively represent the named class representatives, absent Nationwide Class Members, and Oregon State Subclass.

Page 11    **CLASS ACTION ALLEGATION COMPLAINT**    RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The operative facts relating to Plaintiff and members of the Nationwide Class and Oregon State Subclass are the same, the damages suffered by individual Class and Subclass Members are relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class and Subclass to individually redress the wrongs done to them, and proceeding as a class action will resolve thousands of claims in a manner that is fair to Defendant and Class / Subclass Members. There will be no difficulty in the management of this case as a class action with a Nationwide class consisting of members from 50 states, and Oregon State Subclass consisting of members from Oregon.

36. Class Members may be notified of the pendency of this action by several means, including notice on promotional websites and social media related vehicle and tire sales, directly based information provided to Defendant through its product registration system (http://www.michelinman.com/US/en/register.html), directly based on information provided to Defendant through its online sales system (https://shop.michelinman.com/), and if deemed necessary or appropriate by the Court, through published notice.

37. Further, upon information and belief, Michelin recorded details about retail distributors of its tires, and purchases and resale of its tires by vehicle manufactures, and many of the individual purchasers in an electronic form, which

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

provides a direct method of notifying a substantial percentage of Nationwide Class and Oregon State Subclass Members.

38. The prosecution of separate actions by individual Class and Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for Defendant. Defendant has acted on grounds that apply generally to the nationwide Class and the Oregon State Subclass making equitable relief and damages appropriate to the Class as a whole.

## FIRST CLAIM FOR RELIEF

### (Nationwide Class)

### (Intentional Fraud / Deceit)

39. On behalf of himself and the Members of the Nationwide Class, Plaintiff / Class Representative Puckett realleges paragraphs 1 through 38, and further alleges:

40. Defendant represented to tire dealerships, vehicle manufacturers, resellers, Plaintiff, and to each Class Member that its Michelin PSS tires had a certain tread depth.

41. Defendant's misrepresentation was material because the information bears directly on: (1) the tire's position within the marketplace and desirability when compared to other competing tires, (2) the typical price charged for the tire, and (3) the expected longevity and durability of the tire.

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

42. Defendant knew or reasonably should have known that its representations concerning the tread depth of its Michelin PSS tires was false.

43. Defendant intended that its misrepresentation regarding the Michelin PSS tires be acted on and/or relied upon by tire dealerships and vehicle manufacturers, resellers, and by Plaintiff and by Members of the Nationwide Class.

44. Plaintiff and Members of the Nationwide Class were not aware of the variation between the stated and actual tread depth, and reasonably relied on the truth of Defendant's misrepresentations.

45. As a direct and proximate result Plaintiff and Members of the Nationwide Class suffered an ascertainable loss of money.

46. Puckett and each Member of the Nationwide Class is entitled to injunctive relief as necessary to cause Defendant to stop all fraudulent conduct associated with the sales of its Michelin PSS tires.

47. Plaintiff / Class Representative Puckett hereby gives notice that if Defendant does not take timely remedial or curative action in accordance with Oregon Rules of Civil Procedure 32(H) and (I), he intends to amend this Complaint to add claims for actual damages consisting of the difference between the value of the Michelin PSS tire as specified and as supplied, and for costs and reasonable attorney fees incurred in bringing this lawsuit

**SECOND CLAIM FOR RELIEF**

**(Oregon State Subclass)**

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

**(ORS §646.608 - Unlawful Trade Practices)**

48. On behalf of himself and members of the Oregon State Subclass, Plaintiff / Oregon State Subclass Representative Puckett realleges paragraphs 1 through 38, and further alleges:

49. Defendant violated:

   a. ORS §646.608(e) by representing that goods had characteristics, benefits, quantities or qualities that the goods did not have;

   b. ORS §646.608(g) by representing that goods were of a particular standard, quality, or grade, when the goods or services were of another.

50. Subclass Representative Puckett and each Member of the Oregon State Subclass are entitled to injunctive relief to prevent future violations of ORS §646.608.

51. Plaintiff / Class Representative Puckett hereby gives notice that if Defendant does not take timely remedial or curative action in accordance with Oregon Rules of Civil Procedure 32(H) and (I), he intends to amend this Complaint to add damage claims for each violation of ORS §646.608 consisting of award of actual damages based on the difference between the value of the Michelin PSS tire as specified and as supplied or statutory damages pursuant to ORS §646.638(1); for reasonable attorney fees incurred in bringing this lawsuit pursuant to ORS §646.638(3) and ORCP 32M; for reimbursement of the reasonable costs,

Page 15    **CLASS ACTION ALLEGATION COMPLAINT**

**RICK KLINGBEIL, PC**
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

disbursements, and litigation expenses necessary to obtain relief under ORS §646.608 pursuant to ORCP 32M; and for punitive damages against Defendant in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by Defendant and others in the future, pursuant to ORS §646.638(1).

## REQUEST FOR RELIEF

### Case Management

52. On behalf of himself, the Nationwide Class, the Oregon State Subclass, and any future Subclasses, Plaintiff / Class and Subclass Representative Puckett seeks an Order from this Court:

    a. Certifying this action as a class action as set forth above, or as a class action or issue class as otherwise deemed appropriate by the Court pursuant to a Motion to Certify Class Action to be filed by Plaintiff in this case;

    b. Appointing Plaintiff Puckett as Representative for the Nationwide Class and the Oregon State Subclass.

    c. Approving counsel listed herein as class counsel for the Nationwide Class and the Oregon State Subclasses, and any future State Subclasses.

    d. Setting a trial by jury for all issues so triable.

### Damages

**Nationwide Class – Fraud Claims**

**(First Claim for Relief)**

RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com

1) Injunctive relief requiring Defendant to cease all fraudulent conduct.

**State of Oregon Subclass – Oregon Statutory Claims**

**(Second Claim for Relief)**

1) Injunctive relief as necessary to prevent future violations of ORS §646.608.

**Dated:** January 13, 2017.

          Rick Klingbeil, PC

          /s/ Rick Klingbeil
          _____
          Rick Klingbeil, OSB #933326
          107 SE Washington St., Ste. 233
          Portland, Oregon 97214
          O: 503-473-8565
          C: 503-490-6763
          rick@klingbeil-law.com

Additional Attorneys:

Brady Mertz, OSB #970814
Robert Curtis, Foley Bezek Behle & Curtis, LLP
Kevin D. Gamarnik, Foley Bezek Behle & Curtis, LLP

Page 17    **CLASS ACTION ALLEGATION COMPLAINT**    RICK KLINGBEIL, PC
107 SE Washington St.
Suite 233
Portland, OR 97214
503-490-6763
rick@klingbeil-law.com